| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CR28CEJ(MLM) |
| ) | |
| BENJAMIN MATUS-BEYLISS, ) | |
| SALVADOR MARTINEZ CRUZ AND ) | |
| PABLO MONTAN, ) | |
| Defendants. ) | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On 3/25/08 this matter came before the court for a hearing on defendants' various pretrial motions.[1] The government presented the testimony of Detective Leo Rice. The defendants presented no witnesses but argued the motions at great length.

**Defendant Benjamin Matus-Beyliss** filed the following Motions:

Motion to Preserve and Reweigh Contraband (Doc. 163)

Motion for Severance (Doc. 162) Gov.'s Response (Doc. 174)

Motion to Disclose Intent of Government to Rely on 404(b) Evidence (Doc. 164) Gov.'s Response (Doc. 190)

**Defendant Salvador Martinez Cruz** filed the following Motions:

Motion for Notice of Intent to Use and Description of 404(b) Evidence (Doc. 156) Gov.'s Response (Doc. 190)

Motion to Disclose the Identity of Informants (Doc. 158) Gov.'s Response (Doc. 169) Defendant's Reply (Doc. 187)

Motion for Disclosure of Expert Testimony (Doc. 157) Gov.'s Response (Doc. 189)

Motion for Notice of Government's Intention to Use Residual Hearsay Exception Under Rule 807 (Doc. 160) Gov's Response (Doc. 192)

---

[1] Previously, defendants Jareece A. Cooper and Carl V. Garrett waived the filing of pretrial motions. At the time of the hearing defendant Cameron Moss withdrew his Motion to Suppress Physical Evidence (Doc. 172) and defendant Omar Taylor withdrew his Motion to Suppress Evidence (Doc. 130). Defendant Salvador Martinez-Cruz was assisted with Spanish translation by Mr. Fernando Torres.

**Motion for Disclosure of Impeaching Information (Doc. 161)**

**Motion for Severance of Defendants (Doc. 159) Gov.'s Response (Doc. 172)**

**Defendant Pablo Montan** filed the following Motions:

**Motion to Dismiss Indictment (Doc. 132) Gov.'s Response (Doc. 180)**

**Motion to Sever (Doc. 133) Gov.'s Response (Doc. 174)**

**Motion to Suppress Statements (Doc. 134)**

**Motion for Disclosure of Confidential Informants (Doc. 136)**

**Motion to for Disclosure Regarding Accomplice Witnesses (Doc. 137)**

**Motion to Retain and Reweigh Contraband (Doc. 141)**

**First Amended Motion to Disclose Confidential Informant Including Alleged Anonymous Citizen Informant (Doc. 167) Gov.'s Response (Doc. 169)**

**Motion for Notice of Government's Intention to Use 404(b) Evidence (Doc. 175) Gov.'s Response (Doc. 190)**

**Motion for Notice of Government's Intention to Use Residual Hearsay Exception Under Rule 807 (Doc. 176) Gov.'s Response (Doc. 192)**

**Motion for Disclosure of Impeaching Information (Doc. 177)**

**Motion for Disclosure of Expert Testimony (Doc. 178) Gov.'s Response (Doc. 189)**

In addition, the government filed a Motion for Pretrial Determination of the Admissibility of Defendants' Statements (Doc. 118)

As an initial matter the court finds that defendants' Motions that request discovery should be denied for failure to comply with the court's Order Concerning Pretrial Motions. Nevertheless, because the Motions were fully briefed and argued, the court will take them up.

**MOTIONS TO PRESERVE AND RE-WEIGH CONTRABAND (Matus-Beyliss, Doc. 163; Montan, Doc. 141)**

At the hearing counsel for the government stated she had no objection to the Motion.[2] The evidence has already been preserved. The parties agreed to work together to determine an appropriate time, place and conditions for the re-weighing. The Motions will be granted.

**MOTIONS FOR SEVERANCE (Matus-Beyliss, Doc. 162; Martinez Cruz, Doc. 159; Montan, Doc. 133; Government's Response, Doc. 174)**

The defendants have moved for severance of defendants pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure. In determining whether a defendant is entitled to a separate trial, the court must decide whether joinder was proper under Rule 8 and whether joinder is likely to have a "substantial and injurious effect or influence in determining the jury's verdict." United States v. Lane, 474 U.S. 438, 449 (1986), quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946).

Joinder under Rule 8(b) requires that there be a factual interrelationship among all the joined defendants and counts. E.g., United States v. Bledsoe, 674 F.2d 647, 656-57 (8th Cir.), cert. denied, 459 U.S. 1040 (1982). In determining before trial whether or not joinder was proper, the court must see whether this factual interrelationship is alleged in the indictment. Id. at 655; United States v. Andrade, 788 F.2d 521, 529 (8th Cir.), cert. denied, 479 U.S. 963 (1986); see also United States v. Jones, 880 F.2d 55, 62-63 (8th Cir. 1989). In this case, the actions of the defendants are factually interrelated. All the defendants are charged with the same offense, occurring over the same period of time and arising out of essentially the same set of operative facts. Federal Rule of Criminal Procedure 8 provides that "[t]he indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." All the defendants are therefore properly joined in this indictment.

---

[2] The government was represented by AUSA Antoinette Decker.

"When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro v. United States, 506 U.S. 534, 539 (1993). "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro, 506 U.S. at 537; United States v. Shivers, 66 F.3d 938, 939 (8th Cir.), cert. denied, 516 U.S. 1016 (1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." United States v. Lane, 474 U.S. at 449, quoting Bruton v. United States, 391 U.S. 123, 134 (1968); United States v. Cadwell, 864 F.2d 71, 73-74 (8th Cir. 1988). The court must look to the defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial. Very often relevant factors cannot be fully evaluated until during trial, e.g., the effect of limiting instructions, the strength of the government's evidence, the receipt of evidence not relevant to all defendants on all counts, and the number of defendants tried jointly. United States v. Sazenski, 833 F.2d 741, 745-46 (8th Cir. 1987), cert. denied, 485 U.S. 906 (1988).

"Rarely, if ever will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 112 S.Ct. 63 (1991); United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990). "It is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. See also Layton v. South Dakota, 918 F.2d 739, 744 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991). Likewise, severance is not required: If the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir.), cert. denied, 112 S.Ct. 1982 (1992); if the defendant's role in the conspiracy is minor, United States v. Pecina, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), cert. denied, 112 S.Ct. 1987 (1992).

"The mere fact that there is hostility among the defendants or one defendant may try to save himself at the expense of another is not sufficient grounds to require separate trials." United States

v. Garret, 961 F.2d 743, 746 (8th Cir. 1992). "Mutually antagonistic defenses are not prejudicial per se." Zafiro, 506 U.S. at 538.

Anticipated exculpatory testimony of a co-defendant does not automatically require severance. United States v. Foote, 920 F.2d 1395, 1400 (8th Cir. 1990), cert. denied, 111 S.Ct. 2246 (1991). "Severance is not mandated simply because a co-defendant might testify and thereby only 'increase the chances of acquittal or tend to rebut some aspect of the government's case.' Exculpation is required." Foote, 920 F.2d at 1400 (quoting United States v. Reed, 733 F.2d 492, 508 (8th Cir. 1984)).

A joint trial would not deprive defendant of his right to ten peremptory jury challenges. Defendant has no such unqualified right. Rule 24(b) of the Federal Rules of Criminal Procedure states that "the defendant or defendants jointly [are entitled] to ten peremptory challenges." (emphasis added) In addition, the evidence in this case is not complex or confusing such that the jury will be unable to make a determination about the separate guilt of each defendant.

Severance is not required on the ground that the testimony of a co-defendant at trial would compel defendant to testify or to suffer prejudice as a result of a decision not to testify. An instruction cautioning the jury against drawing any adverse inference from his election not to testify will protect the defendant from any prejudice anticipated by the co-defendant's testimony. In addition, no comment concerning the failure of any defendant to testify is permitted.

Some factors will require pretrial severance. If the government intends to offer a confession against one defendant which incriminates a co-defendant, the co-defendant is entitled to a separate trial to avoid the prejudice of not being able to cross-examine the declarant. Bruton, 391 U.S. at 136. However, such prejudice may be avoided by the redaction from the confession of any reference to the co-defendant. United States v. Kaminski, 692 F.2d 505, 522 (8th Cir. 1982). In the present case the government stated in its Response that the government will not offer any statements by any defendants which would violate Bruton.

It is not known at this time which of the defendants will actually proceed to trial. The final severance decision will have to be made at that time. However, based on the foregoing statement of the law, it appears that severance is not warranted.

**MOTIONS TO DISCLOSE INTENT TO RELY ON 404(B) EVIDENCE (Matus-Beyliss, Doc. 164; Martinez Cruz, Doc. 156; Montan, Doc. 175; Gov.'s Response, Doc. 190)**

Rule 404(b) of the Federal Rules of Evidence states:

**(b)  Other crimes, wrongs, or acts - - evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in the criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.**

The government states it will, in accordance with Rule 404(b), provide reasonable notice in advance of trial of the general nature of any such evidence it tends to introduce at trial. The government's response states that "Rule 404(b) does not require the government to disclose anything more than this, and the government declines to do so."

At the hearing defendants lumped a request for Jencks materials into their argument concerning 404(b) evidence and argued that if the government discloses Rule 404(b) evidence and Jencks materials the Friday before the week in which the trial is to begin, as is the custom and practice in this district, it will not give defendants sufficient time for investigation if such investigation is needed. Defendants request 404(b) evidence and Jencks materials 90 days before trial. Counsel for the government stated that she rarely waits until the Friday before trial to disclose 404(b) evidence or Jencks materials and only does so if the safety of a witness is involved. She agreed to provide 404(b) evidence and Jencks materials as soon as possible but at least 10 days before trial if there are no safety issues..

Rule 404(b) requires "reasonable notice in advance of trial" and the court finds the government's agreement to provide such notice 10 days before trial to be reasonable.

The government is not required to disclose the names or statements of its witnesses prior to the trial of the case. 18 U.S.C. 3500 (Jencks Act), Fed.R.Crim.P. 16(a)(2); United States v. Pelton, 578 F.2d 701, 717 (8th Cir.), cert. denied, 439 U.S. 964 (1978). The court is without authority to order disclosure of Jencks Act materials earlier than provided for in the Act. 18 U.S.C. § 3500; United States v. White, 750 F.2d 726, 729 (8th Cir. 1984). See also Fed.R.Crim.P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500"). Prior statements of witnesses who testified at a detention hearing and/or a suppression hearing must be disclosed after their direct examination. Fed.R.Crim.P. 26.2(a) and (g). In its response to the defendants' discovery motions, counsel for the government indicated her awareness of her obligations under the Jencks Act. Therefore, the defendants' motions will be granted to the extent of the government's offer to produce and denied in all other respects.

**MOTIONS TO DISCLOSE IDENTITY OF INFORMANTS[3] (Martinez Cruz, Doc. 158; Gov.'s Response, Doc. 169; Defendant's Reply, Doc. 187; Montan, Doc. 136 and 167; Gov.'s Response, Doc. 169)**

In these Motions defendants seek the identity of the confidential informant in this case. The government states in its response:

> The informant provided information to Task Force Detective Leo Rice that led to the issuance of the search warrant for 1424 Prather, St. Louis, Missouri. The informant was present in the residence within 18 hours of the service of the search warrant. The informant was not present at any time during the execution of the search warrant or the arrests of the defendants. The government does not intend to offer the testimony of the informant at trial, as the informant was not a participant in the charged offenses.

Gov.'s Response, Doc. 169 at 1.

If there is a reasonable probability that a confidential informant can give testimony helpful to the defense, Branzburg v. Hayes, 408 U.S. 665, 698 (1972), or if his testimony is essential to a fair

---

[3] Defendant Montan filed a Motion for Disclosure of Confidential Informants (Doc. 136) and later filed a First Amendment Motion for Disclosure of Confidential Informants Including Alleged Anonymous Citizen Informant (Doc. 167) The amended Motion supersedes the original Motion therefore, the original Motion will be denied as moot.

trial, Roviaro v. United States, 353 U.S. 53, 60-61 (1957), the government must disclose the informant's identity. United States v. McManus, 560 F.2d 747, 751 (6th Cir. 1977), cert. denied, 343 U.S. 1047 (1978). However, the Eighth Circuit has held that the government is not required to disclose an informant's identity where the disclosure "was not vital to a fair trial, and the government's interest in preserving the flow of information outweighed any need by the defendant for information." United States v. Weir, 575 F.2d 668, 673 (8th Cir. 1978).

The law is well settled that the government has a privilege to withhold the disclosure of the identity of its informants. McCray v. Illinois, 386 U.S. 300 (1967). "The defendant bears the burden of demonstrating the need for disclosure and the court must weigh the defendant's right to information against the Government's privilege to withhold the identity of its confidential informants." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). See also McCray, 386 U.S. at 310; Roviaro v. United States, 353 U.S. 53, 60-61 and 62 (1957). "In order to override the government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." Harrington, 951 F.2d at 877. "A trial court abuses its discretion if it orders disclosure absent a showing of materiality." Id.; United States v. Grisham, 748 F.2d 460, 463 (8th Cir. 1984).

If an informant plays no meaningful role in the offenses charged and was merely a "tipster" his or her identity need not be disclosed. United States v. Gonzalez-Rodriquez, 239 F.3d 948, 951 (8th Cir. 2001) (disclosure not required because informant was only tipster who conveyed information to the government but did not participate in the offense).

A defendant bears a heavy burden of providing that disclosure of the informant's identity is necessary and relevant to the defense. United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994) (holding that defendant failed to establish sufficient need for disclosure of confidential informant's identity where the confidential informant merely gave information to establish probable cause for the search but was not present during the search); United States v. Staufer, 38 F.3d 1103, 1109 (9th Cir. 1994) (where government established that defendant was predisposed to commit charged

offense, defendant failed to carry is burden to demonstrate disclosure of informant's identity was required to establish entrapment defense). Courts also will not order disclosure where such disclosure will place the informant in personal danger and the prospective testimony is not exculpatory. United States v. Pelton, 578 F.2d 701, 707-08 (8th Cir. 1978).

Defendant Montan argues that the confidential informant may even have purchased marijuana during the last time he/she was in the Prather evidence and he/she may be able to confirm that defendant was not present during the last time the confidential informant was in the Prather residence. The court finds that neither of these arguments outweighs the government's privilege to withhold the identity of the confidential informant. Roviero, 353 U.S. at 60-61 and 62. The confidential informant's information only was used to establish probable cause for the search of the Prather residence. It is not material to the defense whether the confidential informant purchased marijuana on his/her last visit. Neither is it material to the defense whether defendant Montan was not present. Neither scenario will exculpate defendant Montan from the conspiracy charged. See Pelton, 578 F.2d at 707-08.

The informant's role in the present case was extremely limited and there is no basis for disclosing his/her identity. See McCray v. Illinois, 386 U.S. 300 (1967); Roviaro v. United States, 353 U.S. 53 (1957). There has been no showing that the informant is a material witness or that his/her testimony is necessary to the defense. To the contrary, this informant appears to have been a "mere tipster" who is not considered a material witness whose identity must be disclosed. See United States v. Burrell, 720 F.2d 1488, 1494 n.8 (10th Cir. 1983); United States v. Lewis, 671 F.2d 1025, 1026-27 (7th Cir. 1982). In the present case the confidential informant was not a witness to the execution of the search warrant and/or the arrests of the defendants. His status as a tipster relates only to the search warrant and neither defendant has standing to challenge the search

warrant at the Prather residence.[4] The government will not be required to disclose the identity of the confidential informant.

**Motions for Disclosure of Expert Testimony (Martinez Cruz, Doc. 157; Gov.'s Response, Doc. 189; Montan, Doc. 178; Gov.'s Response, Doc. 189)**

Defendants request disclosure of expert testimony pursuant to Federal Rules of Evidence 702, 703 or 705. The government has responded that it will provide written summaries of testimony it intends to use at trial under Rule 702, 703 or 705. "These summaries will include the witnesses' opinions, the bases and the reasons therefore and the qualifications of the witness[es]. The government will provide this information reasonably in advance of trial." Gov.'s Response, Doc. 189 at 1.

At the hearing the government indicated it would most likely call a chemist and a DEA agent as experts. Not satisfied with the government's "reasonably in advance" assurance, defendants again demanded notice 90 days prior to trial. The government again stated her intention to provide the information at least 10 days before trial. The court finds this reasonable and thus will grant the Motions to the extent of the government's offer to produce and deny it in all other respects.

**Motions for Notice of the Government's Intention to Use Residual Hearsay Exception Under Rule 807 (Martinez Cruz, Doc. 160; Gov.'s Response, Doc. 192; Montan, Doc. 176; Gov.'s Response, Doc. 192).**

---

[4] 1424 Prather is the residence of co-defendant Cameron Moss. As pointed out in United States v. Sanchez, 943 F.2d 110, 113 n.1 (1st Cir. 1991), the use of the word "standing" is convenient but somewhat imprecise. The Supreme Court has indicated in Rakas v. Illinois, 439 U.S. 128 (1978), that matters of standing in the context of searches and seizures actually involve substantive Fourth Amendment law. See also Minnesota v. Carter, 525 U.S. 83, 119 S.Ct. 469, 472 (1998)("in determining whether a defendant is able to show a violation of his (and not someone else's) Fourth Amendment rights, the 'definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.'"quoting Rakas.) Standing is not to be analyzed apart from the merits, rather a defendant is required to prove a legitimate expectation of privacy as a prerequisite to challenge unlawful police conduct. Sanchez, 943 F.2d at 113 n.1.

Rule 807 of the Federal Rules of Evidence provides for the admission of statements not specifically covered by Rules 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, if the court makes specific findings. However, the Rule provides that such a statement may not be admitted "unless the proponent makes it known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant." Federal Rule of Evidence 807. The government's Response and counsel's statements at the hearing indicate that this request is directed towards a statement contained in the government's Affidavit for Complaint which charged the defendants shortly after their arrests. This statement is as follows:

> A neighbor who asked to remain anonymous told your affiant that he/she had observed a large yellow truck at Moss' house the day before. Large boxes were seen being unloaded from the truck into the house.

Defendants argue that the identity of the neighbor is essential to the defense because it is defendants' position that although defendant Montan rented a Penske truck to transport restaurant supplies, this truck was never at the Prather address.

The government stated that the neighbor's statement was not relevant to probable cause for the Complaint and was obviously not used for the issuance of the search warrant. The government stated an intention to honor the neighbor's desire to remain anonymous and categorically denied any intention to call the neighbor as a witness at trial. The government does not even know the neighbor's name and the neighbor's statement will not be used at trial. Based on the government's assurance that the neighbor will not be called, nor will the statement be used, the court finds the Motion should be denied and that the government is under no obligation to disclose the neighbor's name and address. Defendants are free to do whatever investigation they think is appropriate.

**Motions to Disclose Impeaching Information (Martinez Cruz, Doc. 161; Montan, Doc. 177)**

The government is fully aware of its responsibilities and it is aware that included in the requirement to produce favorable evidence mandated by Brady v. Maryland, 373 U.S. 83 (1963) is the requirement to produce impeaching evidence. United States Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972). The government has agreed to produce any such evidence if it exists. Therefore the Motion to Disclose Impeaching Evidence will be granted to the extent of the government's offer to produce and denied in all other respects.

**Motion to Disclose Accomplice Witnesses (Montan, Doc. 137)**

This Motion requests information regarding any witnesses the government may call with whom either an immunity agreement or other leniency agreement has been reached. This information clearly falls within the requirements of Brady and Giglio. The government is aware of its responsibility and has agreed to produce any such evidence if such evidence exists. The Motion will therefore be granted to the extent of the government's offer to produce and denied in all other respects.

**Motion to Dismiss Indictment (Montan, Doc. 132; Gov.'s Response, Doc. 188)**

Defendant Montan moves to dismiss the Indictment on grounds that it fails to state than an offense has been committed by defendant Montan. Defendant cites United States v. Pheaster, 544 F.2d 353 (9th Cir. 1976); cert. denied, 429 U.S. 1099 (1977). Pheaster does not support defendant's position. Pheaster describes the criteria that must be present in an indictment, that is, it must sufficient apprise the defendant of what he must be prepared to meet and the record must show to

> what extent he may plead a former acquittal or conviction. Pheaster, goes on to say: Although essentially the same criteria apply to indictments charging conspiracies, certain differences do flow from the very nature of the crime of conspiracy. Because "the conspiracy is the gist of the crime" charged in such an indictment, the Supreme Court has held that "it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense." Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 301, 71 L.Ed. 545 (1927) (citations omitted). Rather, the Court has held that: "In charging such a conspiracy 'certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is' necessary." ibid., quoting Goldberg v. United States, 277 F. 211, 213 (8th Cir. 1921).

Pheaster, 544 F.2d at 360.

Defendant is charged with "knowingly and intentionally conspiring, combining, confederating and agreeing with each other and other persons known and unknown to this Grand Jury, to commit offenses against the United States to wit: to knowingly and intentionally possess with the intent to distribute, marijuana, a Schedule I controlled substance, in violation of Title 21 United States Code Section 841(a)(1)." The indictment continues that this is in violation of Title 21 United States Code Sections 846 and 841(a)(1) and it states that the quantity of marijuana involved in the offense was in excess of 1,000 kilograms thereby making the offense punishable under Title 21 United States Code Section 841(b)(1)(A)(vii). The indictment states the location as the City of St. Louis within the Eastern District of Missouri and elsewhere.[5] To be legally sufficient on its face, the indictment must contain all the essential elements of the offense(s) charged, it must fairly inform the defendant of the charge(s) against which the defendant must defend, and it must allege sufficient information to allow the defendant to plead a conviction or an acquittal as a bar to a subsequent prosecution. United States Const. Amends. V and VI; Fed.R.Crim.P. 7(c); Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996); United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993), cert. denied, 513 U.S. 831, (1994); United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980).

The government's Response cites United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001) in which the Eighth Circuit stated "[u]sage of a particular word or phrase in the indictment is not required as long as we can recognize a valid offense and the form of the allegation 'substantially states the elements.' We will find an indictment insufficient only if an 'essential element' of substance is omitted," citing United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988).

In White, the indictment read as follows:

The Grand Jury charges: beginning at unknown time, but not later than March, 1996, and continuing through October, 1996 at Rapid City, in the District of South

---

[5] Defendant Montan is also charged in a forfeiture count. However, his arguments only deal with Count I, the conspiracy count.

**Dakota, and elsewhere, the defendants Dennis Lapp and Mark White, did combine, conspire, confederate and agree with one another and with others known and unknown to the Grand Jury, to possess, with the intent to distribute, methamphetamine, a schedule II controlled substance, all in violation of 21 U.S.C. Sections 846 and 841(a)(1).**

**The language of the White indictment is almost identical to the language in Count I in the instant case. The Eighth Circuit held that the words combined, conspired, confederated, and agreed accurately set forth the charge of conspiracy, especially when combined with reference to the specific sections of Title 21 that applied. The court also found that the lack of specificity of the exact dates of the conspiracy was not of concern when the indictment charged a specific conspiracy stating the location and specific drug involved during the seven-month time frame. White, at 1021.**

**This indictment is a plain, concise and definite statement of the essential facts constituting the offense charged and complies in all respects with Rule 7 of the Federal Rules of Criminal Procedure. It tracks the language of the statute, states the approximate dates of the offense, charges the quantity of the specific controlled substance involved, the location of the offense, the names of the co-conspirators and the required state of mind and places the defendant on notice of the nature and extent of the charges in order to protect him from double jeopardy. See Hamling, 418 U.S. at 117; Young, 618 F.2d at 1286; White, 241 F.3d at 1021.The indictment complies with the law in all respects.**

**Defendant Montan argues that he was simply present at the Prather residence at the time the search warrant was executed. If the government fails at trial to meet its burden of proof of the conspiracy, it will be subject to a motion for judgment of acquittal. However, the Indictment should not be dismissed and the government should be permitted to go forward with its proof.**

**Motion to Suppress (Oral Motion by Martinez Cruz)**

**At the hearing defendant Martinez Cruz made an oral motion to suppress the phones and the vehicle seized pursuant to the search warrant.[6] Lest there be any future challenges to these**

---

[6] Only defendant Cameron Moss had standing to challenge the search of the Prather residence. See footnote 4. He withdrew his previously filed motions including his Motion to

seizures, the court agreed to take up the motion. The government stated that it would not use the contents of the phones at trial. Thus, as to the phones, the oral motion is moot.

At the execution of the search warrant, law enforcement officers seized a vehicle possessed by defendant Martinez Cruz. Detective Leo Rice, a police officer with the St. Louis Police Department assigned to DEA, testified that on 12/19/07 he applied for a search warrant for 1424 Prather in the "Dogtown" neighborhood in St. Louis. He executed it the same day. Prior to his entry, he observed a white, four-door Volkswagen Jetta outside the residence in the driveway. After Mobile Reserve officers made entry, Det. Rice entered the residence. He was the seizing officer. On the kitchen counter he located and seized documents pertaining to the 12/17 or 12/18 purchase "as is" of a white, four-door Volkswagen Jetta by defendant Martinez Cruz. The title was also seized. Det. Rice testified he was interested in the Jetta because he was aware of a "natural void" in similar Jettas that can be used to secret contraband or currency. He was also aware that a newly purchased package of screwdrivers of various sizes was seized from the residence. Det. Rice further testified that based on his experience he suspected and believed that the screwdrivers were for use to access the natural void in the Jetta which was going to be used to transport currency from the sale of marijuana. The Jetta was seized.

The Affidavit in support of the search warrant supports Det. Rice's belief. The Affidavit includes information that a documented confidential informant had known Cameron Moss for over a year and that during that time period the informant had purchased over 30 pounds of marijuana from various locations throughout the St. Louis city area. Cameron Moss would tell the informant to meet at a certain location and when they arrived, Moss would exit his vehicle (usually a rental) and enter the informant's vehicle and give the informant anywhere from 1 pound to 3 pounds of marijuana. The informant would then pay Moss in U.S. currency for the marijuana. The price of the marijuana would range from $800 to $1,800 a pound depending on the quality of the

---

Suppress. At the hearing defendant Matus-Beyliss' counsel specifically stated that he does not challenge the admission of the statement made by defendant Matus-Beyliss.

marijuana. The informant further stated that defendant Moss had recently been arrested while in the possession of over $300,000 in U.S. currency which was derived from his illegal marijuana sales. This information supports Det. Rice's belief that the Jetta was in the driveway for the purpose of transporting a large amount of currency following a drug transaction.

As noted in footnote 4 only defendant Cameron Moss has standing to challenge the search warrant. Defendant Martinez Cruz challenges the seizure of the Jetta apparently on ground that there was no probable cause to seize the Jetta or on the ground that the seizure was beyond the scope of the warrant.

Search warrants to be valid must be based on a finding by a neutral detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruits of a crime, contraband or a person for whose arrest there is probable cause may be found in the place to be searched. Johnson v. United States, 333 U.S. 10 (1948); Warden v. Hayden, 387 U.S. 294 (1967); Fed.R.Crim.P. 41. The standard of probable cause for the issuing judge is whether, given the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause is "a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232. Applications and affidavits should be read with common sense and not in a grudging, hypertechnical fashion. United States v. Ventresca, 380 U.S. 102, 109 (1965). Information contained in applications and affidavits for search warrants must be examined in the totality of the circumstances presented. Gates, 462 U.S. at 230. The duty of the reviewing judge "is simply to ensure that the [issuing judge] had a `substantial basis for . . . conclud[ing]' that probable cause existed." Gates, 462 U.S. at 238-39, quoting Jones v. United States, 362 U.S. 257, 271 (1960). Once a judicial officer has issued a warrant upon a finding of probable cause, that finding deserves great deference. Gates, 462 U.S. at 236. The affidavit presented in the instant case clearly contains the "fair probability" that evidence, instrumentalities or fruits of a crime or contraband would be found at the Prather address. The

facts set out above show that there was a substantial basis for concluding that probable cause existed.

In the instant case the search warrant sought: "marijuana, and any illegal narcotics substances, United States currency, weapons, drug transaction records [and] any other instruments of the crime." Gov.Ex.1.

The Fourth Amendment requires that Search Warrants describe the things to be seized with sufficient particularity to prevent a "general exploratory rummaging in a person's belongings." Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971). "The particularity requirement insures that a search is confined in scope to particularly described evidence relating to a specific crime for which there is demonstrated probable cause." Id. The test is whether an executing officer reading the description in the warrant would reasonably know what items are to be seized. United States v. Kimbrough, 69 F.3d 723, 727 (5th Cir. 1995), cert. denied, 517 U.S. 1157 (1996). "In circumstances where detailed particularity is impossible, generic language is permissible if it particularizes the *types* of items to be seized." Id. The court finds that there was surely the "fair probability" that the Jetta was going to be used to transport the proceeds of the marijuana transaction and thus the seizure of the Jetta does not exceed the scope of the warrant. The seizure should not be suppressed.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion for Pretrial Determination of the Admissibility of Defendants' Statements is **DENIED as MOOT**. [Doc. 118]

**As to Defendant Benjamin Matus-Beylis:**

**IT IS HEREBY ORDERED** that the Motion to Preserve and Reweigh Contraband is **GRANTED** as more fully set out in this Order and Recommendation. [Doc. 163]

**IT IS FURTHER ORDERED** that defendant's Motion to Disclose Intent of the Government to Rely on 404(b) Evidence is **GRANTED** to the extent of the government's offer to produce and **DENIED** in all other respects. [Doc. 164]

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion for Severance of Defendant be **DENIED**. [Doc. 162]

**As to Defendant Salvador Martinez-Cruz:**

**IT IS HEREBY ORDERED** that Defendant's Motion for Notice of Intent to Use and Description of 404(b) Evidence is **GRANTED** to the extent of the government's offer to produce and **DENIED** in all other respects. [Doc. 156]

**IT IS FURTHER ORDERED** that the Defendant's Motion to Disclose the Identity of Informants is **DENIED**. [Doc. 158]

**IT IS FURTHER ORDERED** that the Defendant's Motion for Disclosure of Expert Testimony is **GRANTED** to the extent of the government's offer to produce and **DENIED** in all other respects. [Doc. 157]

**IT IS FURTHER ORDERED** that the Defendant's Motion for Notice of Government's Intention to Use Residual Hearsay Exception Under Rule 807 is **DENIED**. [Doc. 160]

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Impeaching Information is granted to the extent of the government's offer to produce and **DENIED** in all other respects. [Doc. 161]

**IT IS HEREBY RECOMMENDED** that the Defendant's Motion for Severance of Defendants be **DENIED**. [Doc. 159]

**As to Defendant Pablo Montan:**

**IT IS HEREBY ORDERED** that Defendant's Motion for Disclosure of Confidential Informants is **DENIED as MOOT**. [Doc. 136]

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Accomplice Witnesses is **GRANTED** to the extent of the Government's offer to produce and **DENIED** in all other respects. [Doc. 137]

**IT IS FURTHER ORDERED** that Defendant's Motion to Retain and Reweigh Contraband is **GRANTED**. [Doc. 141]

**IT IS FURTHER ORDERED** that Defendant's First Amended Motion to Disclose the Confidential Informant Including Alleged Anonymous Citizen Informant is **DENIED**. [Doc. 167]

**IT IS FURTHER ORDERED** that Defendant's Motion for Notice of Government's Intention to Use 404(b) Evidence is **GRANTED** to the extent of the government's offer to produce and **DENIED** in all other respects. [Doc. 175]

**IT IS FURTHER ORDERED** that Defendant's Motion for Notice of Government's Intention to Use Residual Hearsay Exception is **DENIED**. [Doc. 176]

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Impeaching Information is **GRANTED** to the extent of the government's offer to produce and **DENIED** in all other respects. [Doc. 177]

**IT IS FURTHER ORDERED** that Defendant's Motion for Disclosure of Expert Testimony is **GRANTED** to the extent of the government's offer to produce and **DENIED** in all other respects. [Doc. 178]

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss the Indictment be **DENIED**. [Doc. 132]

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Sever be **DENIED**. [Doc. 133]

**IT IS FURTHER RECOMMENDED** that Defendant's Motion to Suppress Statements be **DENIED as MOOT**. [Doc. 134]

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler

                                                **MARY ANN L. MEDLER**
                                                **UNITED STATES MAGISTRATE JUDGE**

**Dated this  3rd    day of  April, 2008.**